**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1282
_____

IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF
AMERICA FOR AN ORDER AUTHORIZING INTERCEPTION OF WIRE
COMMUNICATION

John Doe,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Miscellaneous Action No. 2:10-mc-00062-001)
District Judge:  Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2018
Before: SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed: April 17, 2018)
_____

OPINION[*]
_____

PER CURIAM

     John Doe appeals from the District Court's order denying his motion to unseal

material from a Title III wiretap investigation.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

A jury sitting in the Western District of Pennsylvania found Doe guilty of one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. At trial, part of the evidence against Doe came from recordings of cellphone calls that were intercepted under court orders pursuant to Title III of the federal Omnibus Crime Control and Safe Streets Act of 1968. Prior to trial, Doe moved to suppress the wiretap material. The District Court denied Doe's suppression motions, and this Court affirmed his conviction on direct appeal.

While Doe's direct appeal was pending, he filed a pro se motion in the District Court to unseal the wiretap orders, as well as all accompanying documents and recordings. He relied on the common law right of access to judicial records and the First Amendment of the U.S. Constitution.

The District Court denied the motion, and Doe appeals. In his brief, he expands on the common-law and First Amendment arguments that he raised before the District Court. The Government responds, in part, that Doe has not satisfied Title III's good-cause standard to support the unsealing of the material in question.

II.

We have jurisdiction over final orders of the District Court under 28 U.S.C. § 1291. We review the denial of a motion to unseal court records for abuse of discretion. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 771 ("'The balancing of factors for and against access is a decision committed to the discretion of the district court, although

2

it is not generally accorded the narrow review reserved for discretionary decisions based on first-hand observations.'" (quoting Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986)). We may affirm for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

### III.

The District Court did not err when it denied Doe's motion to unseal the wiretap-related material. The case law that Doe relies on regarding the right of access to court documents does not entitle him to relief in light of the specific statutory provisions of Title III. In short, Doe has not shown good cause for the release of the wiretap documents, as required under 18 U.S.C. § 2518(8)(b) (requiring that wiretap applications and orders be sealed and allowing disclosure "only upon a showing of good cause"). Similarly, Doe has not demonstrated that he satisfies the requirements for disclosure of the related recordings. See 18 U.S.C. § 2517(1)-(8) (restricting disclosure of the contents of wiretap communications to the enumerated provisions).

Furthermore, we note that Doe has not been prevented from reviewing at least much of the wiretap material in question. The wiretap recordings were the subject of extensive pretrial litigation, and they were later played at his trial. Subsequently, Doe challenged the admissibility of the wiretap-derived material on direct appeal, and this Court upheld the District Court's denial of his suppression motions. Thus, Doe has had access to the contents of the material that he seeks to unseal.

### IV.

Under the circumstances of this case, the District Court did not abuse its discretion in denying Doe's motion to unseal. Accordingly, we will affirm the order of the District Court.